IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES KELLY,** | : | |
| *Petitioner* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **ERIC TICE, et al.,** | : | |
| *Respondents* | : | **No. 22-3839** |

## ORDER

AND NOW, on this 5th day of October, 2022, having considered the United States Court of Appeals for the Third Circuit's Order granting Mr. Kelly's application under 28 U.S.C. § 2244 to file a second or successive Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254 (Doc. No. 1) and Mr. Kelly's request to stay his petition (Doc. No. 2), it is **ORDERED** that Mr. Kelly's Petition is placed in suspense until the conclusion of Mr. Kelly's state postconviction proceedings.[1]

BY THE COURT:

GENE E.K. PRATTER
**UNITED STATES DISTRICT JUDGE**

---

[1] The Third Circuit Court of Appeals found that Mr. Kelly made a *prima facie* showing that his new petition relies on facts that "could not have been discovered previously through the exercise of due diligence" and "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonably factfinder would have found [him] guilty of the underlying offense." 18 U.S.S. § 2244(b)(2). These new claims have not been exhausted in state court, which would ordinarily require dismissal without prejudice. But a federal court may instead issue a protective stay pending exhaustion if "(1) good cause exists for the petitioner's failure to exhaust all claims, (2) the unexhausted claims are not 'plainly meritless,' and (3) there is an absence of any indication that the petitioner is engaged in 'potentially dilatory tactics.'" *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Such stays are not limited to "mixed" petitions containing both exhausted and unexhausted claims and are available even if a petition raises only unexhausted claims. *See Heleva v. Brooks*, 581 F.3d 187, 191-93 (3d. Cir. 2009).

Mr. Kelly's petition satisfies all three *Rhines* factors. As to good cause, Mr. Kelly avers that his state postconviction petition was timely filed under Pennsylvania law and seeks to file a protective federal petition in case the state court determines that his petition is untimely. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). As to the second factor, the Court of Appeals determined that Mr. Kelly's new petition meets the standard to file a second or successive petition, and the Court agrees that the new petition's claims are at a minimum not plainly meritless. Finally, there is no reasonable suspicion that Mr. Kelly seeks to delay his case by seeking a stay.